IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ADAM M. ANDREWS,<br>      Plaintiff, | )<br>)   Civil Action No. 7:21cv00013 |
| v. | )<br>) |
| JOHN WOODSON, *ET AL.*,<br>      Defendants. | )  By:  Elizabeth K. Dillon<br>)          United States District Judge |

**AMENDED MEMORANDUM OPINION**[1]

Plaintiff Adam M. Andrews, a Virginia inmate proceeding pro se who also refers to himself as Andrews Adam,[2] filed this civil rights action pursuant to 42 U.S.C. § 1983. Andrews alleges that prison officials allowed his television to be damaged and offered no reimbursement, in violation of his constitutional rights. Upon review of the record, the court summarily dismisses the § 1983 action under 28 U.S.C. § 1915A(b)(1) as legally and factually frivolous.

Andrews' submissions provide the following facts on which he bases his claims. Andrews is an inmate at Buckingham Correctional Center. After he left for a court appearance without notice on September 23, 2020, someone failed to pack his television with sufficient care. After officers returned Andrews' property items to him, he discovered that the television screen had been damaged. Andrews filed a grievance asking for reimbursement for the cost of replacing or repairing the television. A prison official ruled that the grievance was founded, because Andrews' cellmate had been allowed to pack up his property, in violation of prison policy. However, the official also ruled that the depreciation value of Andrews' television was $0.00, because he had purchased it for $208.59 on May 17, 2013. *See* Compl. Ex. C, Dkt. No. 1-

---

[1] The amended memorandum opinion and order are being entered solely to correct a typographical error as to the name of the lead defendant in the case.

[2] Because the Virginia Department of Corrections ("VDOC") inmate locator program refers to plaintiff as Adam M. Andrews, the court will also refer to him by that last name and amend the docket to reflect this spelling.

1. Andrews appealed, arguing that since his television had previously operated as though it was new, the prison should, at least, reimburse him for the cost to have it repaired.  While the responding official agreed that the regular grievance was founded, the official finding was: "No additional remedy is deemed warranted at this time."  *Id.* at Ex. D.  As relief, Andrews seeks declaratory, injunctive, and monetary relief to compensate him for the loss of the television and to punish the defendants for failing to protect his property item.

This court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915A(b)(1).  To state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A plaintiff stating a claim under § 1983 must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42 (1988).  A "frivolous" claim is one that "lacks an arguable basis either in law or in fact," because it is "based on an indisputably meritless legal theory" or its "factual contentions are clearly baseless."  *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

"[W]here a loss of property is occasioned by a random, unauthorized act by a state employee, rather than by an established state procedure, the state cannot predict when the loss will occur"; therefore, "if a meaningful post-deprivation remedy for [such a] loss is available," the inmate has no constitutional due process claim, regardless of whether the employee's actions were intentional or the result of negligence.  *Hudson v. Palmer*, 468 U.S. 517, 532-33 (1984).

The Virginia Tort Claims Act and Virginia tort law provide adequate post-deprivation remedies for negligent or intentional "wrongful acts" committed by state employees. *See Wadhams v. Procunier*, 772 F.2d 75, 78 (4th Cir. 1985).

Andrews alleges that the defendants failed to protect his property from inadequate packaging by his cellmate, in violation of prison policy, and thus allowed it to be damaged. Such an unauthorized and/or negligent deprivation of property by state officials falls squarely under *Hudson, supra*. Inasmuch as Andrews possessed tort remedies under Virginia state law, *see* Va. Code Ann. § 8.01-195.3, he cannot prevail in a constitutional claim under § 1983 for the alleged property loss in this case.[3]

For the reasons stated, the court dismisses Andrews' § 1983 complaint without prejudice, pursuant to § 1915A(b)(1), as legally and factually frivolous. Furthermore, the court declines to exercise supplemental jurisdiction over any possible related claim under state law, pursuant to 28 U.S.C. § 1367, and dismisses all such claims without prejudice. An appropriate order will issue this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

Entered: May 18, 2021.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[3] Andrews also has no actionable claim under § 1983 based on defendants' alleged failure to comply with prison policies about property packing. The court notes that "prison officials' failure to follow internal prison policies [is] not actionable under [section] 1983 unless the alleged breach of policy rises to the level of a constitutional violation." *Jackson v. Sampson*, 536 F. App'x 356, 357 (4th Cir. 2013). In this case, the court has already found that no constitutionally significant deprivation occurred.